# EXHIBIT B

STATE OF NORTH CAROLINA     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF MECKLENBURG     08 CvS 9873

TECHNOLOGY PARTNERS, INC., )
A North Carolina Corporation, )
    Plaintiff, )
) TEMPORARY RESTRAINING
v. ) ORDER
)
BRIAN HART, )
    Defendant. )

MECKLENBURG COUNTY
FILED #64
MAY 1 2008
AT_____ O'CLOCK ___M
BY_____
CLERK OF SUPERIOR COURT

THIS MATTER came on to be heard before the undersigned judge presiding on May 1, 2008, upon Plaintiff's Motion for Temporary Restraining Order as set forth in its Verified Complaint and pursuant to N.C.G.S. 1A-1, Rule 65. Upon reviewing the parties' submissions and hearing oral argument, the court finds as follows:

1. The plaintiff has shown a likelihood of success on the merits as to its claims for defendant's violation of his 2008 Employment Agreement with plaintiff, including the noncompetition and confidentiality provisions, and as to plaintiff's claims for misappropriation of trade secrets.

2. The plaintiff will suffer an immediate and irreparable harm unless the defendant is immediately restrained from competitive employment in violation of the 2008 Employment Agreement and unless the defendant is immediately restrained from using or disclosing plaintiff's trade secrets and/or confidential information.

WHEREFORE, it is hereby ordered that:

1. Defendant is hereby restrained from engaging in the business of development or sales of medical billing software and/or medical practice management, including but not limited to employment with Amicus, Inc. ("Amicas").

2. The Defendant is restrained from using or disclosing any confidential information and/or trade secrets of the plaintiff.

3. The defendant is hereby restrained from soliciting or accepting work for Plaintiff's clients.

4. The defendant is hereby restrained from altering, deleting, destroying or otherwise manipulating documents, electronic data, data files or metadata from any personal computer or data storage device or server related to his business or personal finances, specifically including, but not limited to, his laptop computer and cell phone.

5. The defendant will not alter or destroy any recorded data concerning his communication with Amicas including but not limited to cell phone records, text messages, emails, instant messages, voice mail, electronic documents.

6. The plaintiff shall post a bond in the amount of $30,000 of dollars to secure the defendant from damages for the restraining order entered herein.

7. This restraining order shall expire in 10 days unless extended by further order of the court or by consent.

8. This order shall be binding on Defendant and all those acting as his agents or those acting in concert with Defendant.

9. This matter shall come on for hearing on the 8th day of May, 2008 in the Mecklenburg County Civil District Court, Charlotte, North Carolina at 9:30 a.m. or as 2:30 p.m. soon thereafter as it may be heard.

This 1st day of May, 2008.

_____
SUPERIOR COURT JUDGE PRESIDING

Time of Entry of Order 11:40

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that she has this day duly served a copy of the foregoing **Temporary Restraining Order** by fax and by depositing a copy of same in the United States Mail, first-class, postage prepaid, addressed to the following:

Kurt E. Lindquist, II
Nelson Mullins Riley & Scarborough, LLP
100 North Tryon Street, 42nd Floor
Charlotte, NC 28202-4007
Fax: (704) 383-0649

This the 1st day of May, 2008.

Pamela Duffy
Attorney for Plaintiff
WISHART NORRIS HENNINGER
& PITTMAN, P.A.