IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil No. 3:08-cv-00208

TECHNOLOGY PARTNERS, INC., )
A North Carolina Corporation, )
    Plaintiff, )
)    **JOINT STIPULATED**
)    **PROTECTIVE ORDER**
)
BRIAN HART, )
    Defendant. )
_____)

    Whereas Plaintiff, TECHNOLOGY PARTNERS, INC., ("TPI" or "Plaintiff") and Defendant, BRIAN HART ("HART" or "Defendant") (collectively the "Parties") are parties to the above-referenced litigation which may involve claims by the parties that certain information is confidential and proprietary information.

    **WHEREAS**, Plaintiff and Defendant may believe that certain confidential information concerning the Parties' personal financial and personal identifying information constitutes very valuable personal information that, if disclosed to others, would significantly harm such Party;

    **WHEREAS**, TPI further believes that confidential and trade secret information concerning its software, procedures, clients, referrals, customers, contacts, and internal business information constitutes very valuable commercial information that, if disclosed to competitors or others, would significantly harm TPI;

    **WHEREAS**, Plaintiff and Defendant expect certain documents, things, and information which are or will be encompassed by discovery demands made to each other to constitute confidential personal or business information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

    **WHEREAS**, each of the Parties believes that it would serve its interest to conduct discovery under a protective order pursuant to that Rule;

    **NOW THEREFORE**, by agreement of counsel, and for good cause shown, it is hereby Ordered that:

1. **SCOPE OF PROTECTIVE ORDER.**

This Protective Order shall govern all discovery, motion, trial, post-trial, and appellate proceedings in this matter before and after the execution date hereof. This Order shall apply to all information, documents, and things within the scope of discovery in this action:

(a) That are in the custody or possession of, or are owned or controlled by Plaintiff, Defendant, and any third party that agrees to be bound under the terms of this order (Plaintiffs, Defendants, or any third parties – all collectively referred to herein as "the Producing Party"), and

(b) Which information, documents, and things that, in Producing Party believes in good faith constitutes or contains confidential personal, financial, commercial, marketing or business information of a technical or non-technical nature, trade secrets, know-how, or proprietary data relating to financial, commercial, marketing, or business subject matter of a technical or non-technical nature (collectively "Confidential Information") of the party producing the information, documents, or things.

2. **DEFINITION OF "CONFIDENTIAL INFORMATION"**

"Confidential Information," as used in Section 1, includes without limitation information in whatever form, the disclosure of which: (1) contains a trade secrets (as defined in N.C. Gen. Stat. § 66-152(3)); (2) contains confidential research, development, proprietary or commercial information not generally known in the public domain and should be protected against disclosure to third parties; or, (3)would be a violation of an obligation of confidentiality to a third person. Confidential Information shall also include personal information as well as trade secrets, confidential, or other proprietary information that the Federal Rules of Civil Procedure and the North Carolina courts have declared to be information eligible for protection under Rule 26 (c) of the Federal Rules of Civil Procedure.

"Attorneys Eyes Only", as used in Section 7 includes information containing trade secrets (as defined in N.C. Gen. Stat. § 66-152(3)), or other confidential research, development, proprietary or commercial information that is generally not known in the public domain and that is competitively sensitive to the producing party or competitively useful to the receiving party that should be protected against disclosure to third parties and to agents of the parties other than counsel directly involved in this lawsuit.

As used further herein, the term "Confidential Information" includes documents or information labeled "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

### 3. TYPES OF DISCOVERY SUBJECT TO PROTECTIVE ORDER

"Confidential Information" which may be subject to this protective order includes without limitation, documents and things responsive to requests for production of documents and things under F.R.C.P. 34, documents and things responsive to subpoenas or subpoenas duces tecum under F.R.C.P. 30 and 45, responses to written interrogatories under F.R.C.P. 33, responses to requests for admission under F.R.C.P. 36, testimony adduced at depositions upon oral examinations or upon written questions pursuant to F.R.C.P. 30 and 31, and hearing or trial transcripts. In the event that such producing party believes the discovery to be produced to contain Confidential Information, then such producing party shall designate and label those documents containing Confidential Information in the manner described in Section 4(b) below.

### 4. EFFECT OF COURT ORDER

The restrictions upon, and obligations accruing to, persons who become subject to this Order shall not apply to any information as to which the Court rules, after proper notice and hearing, that such information is not Confidential Information.

### 5. DESIGNATING MATERIAL FOR PROTECTION UNDER THIS PROTECTIVE ORDER

Any information produced at any time in this litigation, either voluntarily, pursuant to a discovery request, or pursuant to order, which is asserted by the producing party to contain or constitute Confidential Information, shall be protected as follows:

(a) **Transcripts.** If such Confidential Information is contained in a deposition transcript, trial transcript, or other transcript or testimony, the transcript may be designated as Confidential Information in accordance with this Order by notifying the other party on the record at the time of the testimony, or in writing within thirty-five (35) days of receipt of the transcript, of the specific pages and lines of the transcript which contain Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. All deposition transcripts, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing Confidential Information and subject to this Protective Order until thirty-five (35) days after a transcript of the deposition is received, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.

(b) **Documents.** Documents and things containing Confidential Information produced by one party to the other shall be clearly and prominently marked on their face, initial page, and/or the page or pages on which any Confidential Information appears with the legend: "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", as fully set forth in Sections 6 and 7.

(c) **Documents Filed with the Court.** In the case of responses to interrogatories, requests for admission, other discovery requests or responses, affidavits, briefs, memoranda, or other papers filed with the Court, information contained therein may be designated as Confidential Information by prominently marking such paper "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," or a legend substantially similar thereto as fully set forth in Section 8.

6. **LABELING DOCUMENTS "CONFIDENTIAL"**

In the absence of written permission from the producing party or further order by the Court, information designated as "CONFIDENTIAL" may be disclosed only to the Plaintiff or Defendant herein and may further be disclosed to officers, directors, or employees of the parties as necessary to assist in such party's representation, as well as the persons identified in Section 7 below.

7. **LABELING DOCUMENTS "ATTORNEY'S EYES ONLY"**

In the absence of written permission from the producing party or further order by the Court, information designated as "ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

(a) trial counsel for the parties in this action and the legal, paralegal, clerical and secretarial staff employed at the law firm of such trial counsel;

(b) independent experts, consultants, and/or translators, and technical, secretarial and clerical personnel engaged in assisting such independent experts, consultants, and/or translators who are employed to furnish expert or technical services or to give expert testimony with respect to this action and who are not current employees, officers, or directors of any party, and any employees and assistants under the control of such consultants and experts, including translators;

(c) court reporters;

(d) the Court under seal; and

(e) any other persons whom counsel for the parties in this action mutually agree in writing, which may include parties if so agreed.

As a condition precedent to disclosure of Confidential Information or Attorneys Eyes Only Information to independent experts and/or consultants referred to in Section 7(b) or persons referred to in Section 7(e), counsel who retained the expert or consultant shall secure the signature of such expert or consultant acknowledging the terms of this protective order in the form attached hereto as Exhibit A.

4

In the event counsel for a party deems it necessary to disclose any information of the producing party designated as "ATTORNEY'S EYES ONLY" to any person not specified in subparagraphs (a) through (e) of Section 7, said counsel shall notify counsel for the producing party in writing of: (1) the information or documents sought to be disclosed; and, (2) the person(s) to whom such disclosure is to be made, and the parties shall attempt to reach agreement regarding such disclosure. If agreement cannot be reached, the party wishing such disclosure shall make an appropriate motion. In the event of such motion, the Court shall rule as to whether such disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.

Prior to making any such disclosure of Confidential or Attorneys Eyes Only Information either by agreement or court order, counsel making the disclosure shall secure the signature of the recipient of the information acknowledging this terms of this protective order in the form attached hereto as Exhibit A and shall abide by any further terms of disclosure as either agreed to by the Parties or declared by the Court.

### 8. FILING DOCUMENTS UNDER SEAL

Confidential Information (including confidential portions of documents or transcripts) or any document which discloses the substance or content of Confidential Information used in connection with any motion, other submission, hearing or trial in this action, shall be filed under seal for the Court's in camera inspection, or shall be submitted to the Court in such other manner as the parties and the Court may agree to protect the confidentiality of such information. To assist the Clerk, any document or object placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, the words "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or the like, and a statement substantially in the following form:

> CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER ENTERED IN CIVIL ACTION NO 3:08-cv-208 IN THE FEDERAL DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA. This envelope, containing documents that are filed in this case by [name of party], is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court.

Notwithstanding the foregoing, the parties are not required to file any document under seal unless it has been designated as Confidential Information.

## 9. INSPECTION OF CONFIDENTIAL INFORMATION

Inspection of documents or things by either party shall be conducted only by persons eligible under Sections 6 or 7 above, as applicable. In addition, a party may require that depositions or portions of depositions directed to Confidential Information be attended only by persons designated under Sections 6 or 7 above as applicable.

All documents and things produced for inspection may be numbered by the producing party.

## 10. USE OF CONFIDENTIAL INFORMATION AS EVIDENCE

(a) Nothing in this Order shall prevent a party from using any Confidential Information at depositions, trial, during a hearing, or the like. However, the party using such information or material must request that the portion of the proceeding where use is made shall be in camera and that the transcript of that portion of the proceeding be maintained under seal and in camera in accordance with Section 8 hereof, with access thereto limited to persons entitled to access under Sections 6 or 7 of this Order, as applicable.

(b) Nothing in this Order shall prevent disclosure of any Confidential Information (1) by the party producing such Confidential Information, (2) to any employee, director or officer of the producing party, or (3) to any person no longer affiliated with the producing party, who either authored, in whole or in part, or received the Confidential Information prior to the initiation of this litigation.

(c) At the deposition of a third party, such third party may be shown any document designated as Confidential Information provided the deponent is made aware of this Order, its terms, the fact that the document shown to the deponent contains Confidential Information, and that deponent understands that, through this Court Order, deponent is not permitted to discuss such document beyond the deposition, unless the parties hereto mutually agree in writing to allow this.

## 11. NO ADMISSION AS TO NATURE OF INFORMATION

Nothing herein shall be construed as an agreement or admission: (a) that any information, document, or the like designated as Confidential Information is in fact confidential or a trade secret; or, (b) as to the competency, relevance, or materiality of any such information, document, or the like.

## 12. NO WAIVER OF RIGHT TO CHALLENGE CONFIDENTIAL DESIGNATION

A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any

point in these proceedings with the designation by the producing party of any information as Confidential Information, it shall notify the producing party in writing (which writing may be in the form of electronic mail), and the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving same.

### 13. INADVERTENT FAILURE TO MAKE CONFIDENTIAL DESIGNATION; INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENT

(a) The inadvertent or unintentional failure by a producing party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon prompt notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice, including the return of originals and all copies of the documents or things containing the Confidential Information so that the producing party may designate them as containing such information.

(b) If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give prompt written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party. The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned document(s) and/or information.

### 14. DISCLOSURE OF CONFIDENTIAL INFORMATION BY CONSENT OR COURT ORDER

Nothing herein shall prevent disclosure beyond the terms of this Order if the producing party of Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

### 15. DOCUMENTS PRODUCED BY NONPARTY

If any Confidential Information is produced by a nonparty to this litigation, such a nonparty shall be considered a "Producing Party" within the meaning of that term as it is used in the context of this Order, and both parties to this Order shall be treated as receiving parties. If Confidential Information is covered by a confidentiality obligation to a third

person, the party possessing such information shall identify the information with sufficient particularity as to enable the receiving party to understand the subject of such information and the identity of said third person, and shall seek permission from the third person to produce such information. If the third person refuses to consent to production of this information, the receiving party may request an Order from the Court compelling such production. Nothing in this paragraph permits a party to designate as Confidential Information any information produced by a nonparty which that nonparty did not itself designate as Confidential Information, although said party may apply to the Court to designate the information produced as confidential.

### 16. DOCUMENTS PRODUCED BY NONPARTY CORPORATE AFFILIATE OF A PARTY

If any Confidential Information of a nonparty corporate affiliate of a party is produced, such a nonparty corporate affiliate shall be considered a "Producing Party" within the meaning of that term as it is used in the context of this Order.

### 17. PROTECTIVE ORDER NOT TO BE USED AS EVIDENCE

This Stipulation has been entered into by the parties to facilitate discovery in this action. Neither the entry into this Stipulation nor the designation of any information, document, or the like as Confidential Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

### 18. DISPOSITION AND USE OF CONFIDENTIAL INFORMATION FOLLOWING END OF LITIGATION

Within sixty (60) days after the conclusion of this action (including exhaustion of all appeals and completion of remanded proceedings, if any), all documents, things, and other materials produced or designated as Confidential Information, and all reproductions thereof, shall be returned to the producing party or shall be destroyed, at the option of counsel in possession of such copies, except that counsel for the parties may retain under protection of confidentiality one file copy of all documents generated by counsel or experts and the exhibits appended thereto and all deposition transcripts.

Insofar as the provisions of this and any other protective order entered in this action restrict the communication and use of information produced thereunder, such Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of any such protective order.

19. **USE OF DISCOVERY BY PARTIES**

All discovery produced or elicited in this action by means of the Federal Rules of Civil Procedure, whether containing Confidential Information or not, shall be used solely for the purposes of prosecuting and/or defending the claims asserted in this action before this Court, and shall neither be used nor disclosed by any party for any other purpose.

Nothing herein shall be construed: (a) as preventing any party from using or continuing to use any information that, at the time of disclosure, is publicly known through no unauthorized act of such party; or, (b) as preventing a party from continuing to use any information known or used by it if such information was lawfully obtained by the party other than through discovery of the producing party. Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the producing party.

The parties agree that the ultimate disposition of protected materials is subject to a final order of the court on the completion of litigation.

20. **RIGHT TO SEEK OTHER RELIEF FROM THE COURT**

This Order is without prejudice to the right of either party to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.

SO ORDERED this 8th day of October, 2008.

_____
The Honorable Graham Mullen

We hereby stipulate to the entry of the foregoing Protective Order.

Dated this _____ day of _____, 2008.

By: /s/ Pamela S. Duffy

ROBERT J. WISHART (#5900)
PAMELA S. DUFFY (#18329)
MOLLY A. ORNDORFF (#34137)
*Attorneys for Plaintiff*
WISHART, NORRIS, HENNINGER
& PITTMAN, P.A.
3120 S. Church Street
Burlington, North Carolina 27215
Telephone: (336) 584-3388
Facsimile: (336) 584-3994
Robert.wishart@wnhplaw.com
Pam.duffy@wnhplaw.com
Molly.orndorff@wnhplaw.com

By: /s/ Kurt E. Lindquist II (with permission)

KURT E. LINDQUIST II (#10973)
CHRISTOPHER M. OLDS (#28726)
*Attorneys for Defendant*
WOMBLE CARLYLE SANDRIDGE
& RICE, PLLC
One Wachovia Center
Suite 3500, 301 South College Street
Charlotte, NC 28202-6037
Telephone No.: (704) 331-4900
Facsimile No.: (704) 338-7859
KLindquist@wcsr.com
Colds@wcsr.com

# EXHIBIT A

## **CONFIDENTIALITY AGREEMENT**

I, _____, hereby attest to my understanding that Confidential Information or documents are being provided to me pursuant to the terms and conditions and restrictions of the Protective Order in this action (the "Order"); that I have been given a copy of and have read the Order and have had its meaning and effect explained to me by a designated attorney for the Plaintiff or Defendant as appropriate under the circumstances; and that I hereby agree to be bound by its terms. I further agree that I shall not disclose to others, except in accordance with this Order, any Confidential Information, including notes or other memoranda or writing with Confidential Information contained in them, that such information or documents shall be used only in connection with the case specified in the Order, and that I will not make copies in any form of such information. I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after termination of the case specified in the Order. I further agree and attest to my understanding that, in the event I fail to abide by the terms of the Order, I may be subject to the same sanctions, including sanctions for contempt of Court, imposed by the Court for such failure. Further, I agree to subject myself to the jurisdiction of the Court issuing the Order, in and for any contempt proceedings or other appropriate sanctions as the Court may deem proper for violation of the Order.

_____
Signed

_____
Printed name

Subscribed and sworn to before me this
____ day of _____, 200_

_____
Notary Public
My Commission Expires: _____